IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George J. Evanoff, Jr.,                                              Case No. 3:07CV01754

    Plaintiff,

v.                                                                                  ORDER

Banner Mattress Company, Inc., et al.,

    Defendants.

This is a dispute over pension benefits. Plaintiff George Evanoff seeks damages from Defendant Banner Mattress Company [Banner] under the Employee Retirement Income Security Act of 1974, 29 U.S.C §§1001 et seq. [ERISA] and various state law claims, alleging Banner's wrongful termination of him and interference with his benefits. Jurisdiction arises under 28 U.S.C. §1331.

Banner, an Ohio-based company, manufactures and sells home furniture. Defendants Steven Karp, David Karp, and Matthew Karp are Banner's joint and controlling shareholders. Defendant ADSM Properties, Ltd., is a limited liability corporation whose principal place of business is in Lucas County, Ohio. Defendant John Doe is trustee for the trust of Barbara Karp – Banner's former owner and controlling shareholder.

1

Pending is defendants' motion to strike Evanoff's jury demand with regard to Evanoff's three ERISA claims. [Doc. 29]. For the reasons discussed below, defendants' motion to strike Evanoff's jury demand shall be granted.

**Background**

Banner hired Evanoff in September, 1979, and promoted him to an executive position in 1985. At the time of his promotion, Evanoff entered in an oral employment agreement [Agreement] which provided him with deferred and severance compensation benefits. In 2003, the parties formalized the Agreement in writing. The Agreement's terms provided that it would terminate on December 31, 2012.

Steven Karp, David Karp, and Matthew Karp purchased control of Banner in 2004. On July 16, 2006, Steven Karp mailed Evanoff a letter providing him formal notice that Banner would terminate his employment on December 31, 2007. On October 23, 2006, Steven Karp wrote Evanoff a letter indicating that Banner would deem any payments Banner made to Evanoff between then and his termination date as severance compensation under the Agreement.

Evanoff subsequently brought an action in state court seeking Banner's payment in full of the benefits it promised under the original Agreement, in addition to compensatory and punitive damages.

After Evanoff initiated his state court action, Steven Karp told Evanoff that Banner would place him on administrative leave, effective December 29, 2006. Banner provided Evanoff severance pay until March 15, 2007. Banner terminated Evanoff's health, life, and disability insurance coverage on April 1, 2007.

Shortly after Banner's termination of Evanoff's severance pay and benefits, he filed this suit in this court and voluntarily dismissed his state court action.

Evanoff alleges three ERISA violations: 1) denial of benefits under an ERISA-covered severance plan in violation of 29 U.S.C § 1132(a)(1)(B); 2) denial of benefits under an ERISA-covered deferred compensation plan in violation of 29 U.S.C § 1132(a)(1)(B); and 3) unlawful retaliation in response to Evanoff's attempt to collect employment benefits in violation of 29 U.S.C § 1140. Evanoff seeks $2.25 million in damages.

Before filing their motion to strike the jury demand, defendants had moved for a dismissal based on lack of subject matter jurisdiction, failure to state a claim and on abstention grounds. I denied these motions. [Docs. 15, 17]. In addition, defendants filed motions seeking preemption of Evanoff's state law claims and dismissal of Evanoff's request for extra-contractual damages. I granted in part and denied in part these motions. [Doc. 28].

Evanoff concedes that his two claims under § 1132(a)(1)(B) are not triable by a jury. I therefore only consider whether the Constitution entitles Evanoff to trial by jury on his § 1140 claim.

### Jury Trials Under 29 U.S.C § 1140 of ERISA

Under the Seventh Amendment, "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . . Since the merger of law and equity, the Supreme Court has reserved the right to a trial by jury where legal rights are at stake. *Chauffers, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). The Constitution, however, does not limit the right to a jury trial to actions that actually existed at common law, but extends such right to analogous actions as well. *Tull v. United States*, 481 U.S. 412, 417 (1987). The Supreme Court has provided a framework "for determining whether rights

3

created, modified, or preempted by federal statutes are analogous to those existing at common law." *Spinelli v. Gaughan*, 12 F.3d 853, 855 (9th Cir. 1993).

I must first determine whether the present action is analogous to an action existing at common law. *See, e.g. Terry*, *supra,* 494 U.S. at 565 ("We must therefore look for an analogous cause of action that existed in the [Eighteenth] century to determine whether the nature of this duty of fair representation suit is legal or equitable."). Second, I must determine whether the nature of the remedy is legal or equitable. *Id.*

If both the action and remedy are legal in nature, then the case is appropriate for a trial by jury. *See Curtis v. Loether*, 415 U.S. 189, 195 (1974). If both the action and remedy are equitable in nature, the Constitution does not require a jury trial. *See Crews v. Central States, Southeast and Southwest Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986).

In hybrid cases, involving both legal and equitable elements, the Supreme Court has made clear that the second prong – the nature of the remedy – is more important. *See Terry*, *supra,* 494 U.S. at 565 ("The second inquiry is the more important in our analysis.")*; Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) ("The second stage of this analysis is more important than the first."); *Tull*, *supra,* 481 U.S. at 421 ("We reiterate our previously expressed view that characterizing the relief sought is 'more important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.").

### A. Nature of the Action

Causes of action based on employment relationships are analogous to contractual claims and, thus, are legal in nature. *See Terry*, *supra,* 494 U.S. at 569; *Spinelli*, *supra,* 12 F.3d at 857;

*International Union v. Midland Steel Prods. Co.*, 771 F. Supp. 860, 863 (N.D. Ohio 1991); *McDonald v. Artcraft Elec. Supply Co.*, 774 F. Supp 29, 35 (D.D.C. 1991).

Thus, as Evanoff's § 1140 claim arises out of his employment with Banner, his claim is of a legal nature.

### B. Nature of the Remedy

In the past, when identifying the nature of the remedy, courts examined the remedy the plaintiff was seeking. *Terry*, *supra,* 494 U.S. at 565; *Crews*, *supra,* 788 F.2d at 338. More recently, courts, when considering § 1140 claims, have focused on the nature of the remedy available. *Spinelli*, *supra,* 12 F.3d at 857; *Richards v. General Motors Corp.*, 850 F. Supp. 1325, 1335 (E.D. Mich. 1994). Under the modern view, "if legal relief is unavailable under a particular section of ERISA, then a plaintiff cannot, irrespective of the relief he seeks, obtain a jury trial under that section." *Richards*, *supra,* 850 F. Supp. at 1335.

The Sixth Circuit has held that § 1140 claims are enforced under § 1132(a)(3). *Leemis v. Medical Servs. Research Group, Inc.*, 75 Fed. Appx. 986, 988, 2003 WL 22220527, *2 (6th Cir.) (Unpublished disposition). As the Supreme Court made clear in *Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993), recovery under § 1132(a)(3) does not include compensatory or punitive damages. Therefore, § 1132(a)(3) provides relief available only in equity.

Because the nature of relief is dispositive under the Seventh Amendment, and the nature of relief in this case is equitable, the Constitution does not entitle Evanoff to a jury trial for his § 1140 claim.

Evanoff bases his claim of entitlement to trial by jury on *International Union v. Midland Steel Prods. Co., supra*. In *Midland*, the court held that the Constitution entitled plaintiff to a trial

5

by jury for his § 1140 claim because his retaliation claims were contractual, and therefore, legal in nature. 771 F. Supp. at 865. In *Midland*, 771 F. Supp. at 863-64, the court relied on dicta in *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990), in which Justice O'Connor had written:

> Not only is § 502(a) [29 U.S.C. § 1132(a)(1) and (3)] the exclusive remedy for vindicating § 510 protected rights, there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek "pension benefits." It is clear that the relief requested here [compensatory, mental anguish, and punitive damages] is well within the power of federal courts to provide. Consequently, it is no answer to a preemption argument that a particular plaintiff is not seeking recovery of pension benefits.

*Id.* (Dictum).

This language inspired some district courts to hold that in some instances, ERISA allows plaintiffs the right to a jury trial under § 1140. *See, e.g. McDonald*, 774 F. Supp. at 35 (reasoning that *Ingersoll-Rand* provides powerful support that Congress intended ERISA to provide a right to a jury trial); *Blue Cross and Blue Shield of Alabama v. Lewis*, 753 F. Supp. 345, 348 (N.D. Ala. 1990) (concluding that because *Ingersoll-Rand* recognizes tort-like damages in ERISA cases, a jury trial is proper thereunder).

Although some district courts found the *Ingersoll-Rand* dicta to have expanded relief available under § 1132(a), other courts held after *Mertens* that *Mertens* abrogated Justice O'Connor's dictum. *Richards*, *supra,* 850 F. Supp. at 1331 ("The court recognizes that this 'choice of sides' is easily made in light of the Supreme Court's decision in *Mertens*, which once and for all puts an end to the debate."); *Spinelli*, *supra,* 12 F.3d at 853 n. 3 ("We must deem [the above quoted language from *Ingersoll-Rand*], which was unnecessary to the result of [that court's holding] in any event, superseded by *Mertens*.").

**Conclusion**

There is no right to trial by jury as to any of plaintiff's three ERISA claims. It is, therefore,

ORDERED THAT defendants' motion to strike George J. Evanoff Jr.'s jury demand with regard to all three of his ERISA claims be, and the same hereby is granted.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge