IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George J. Evanoff, Jr.,                                                   Case No. 3:07CV1754

         Plaintiff

     v.                                                                                              ORDER

Banner Mattress Company, Inc., et al.,

         Defendant

       This is an ERISA case in which I denied defendant Banner Mattress' motion to dismiss George Evanoff's ERISA and state-law claims. Pending is Banner Mattress' renewed motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). [Doc. 87]. Jurisdiction exists under 28 U.S.C. § 1331.

       Banner Mattress contends that subject matter jurisdiction depends on whether plaintiff's employment agreement established an employee benefit plan governed by ERISA. I held, in my denial of defendant's previous motion to dismiss, that the deferred compensation provisions of Evanoff's employment agreement established an employee benefit plan governed by ERISA. *Evanoff v. Banner Mattress*, 526 F. Supp. 2d 810 (N.D. Ohio 2007).

1

Banner argues that the Sixth Circuit, in *Hughes v. Zurz*, 298 Fed. Appx. 404, 2008 WL 4488891 (6th Cir. 2008), held that a plan must include a reasonably ascertainable claims procedure to come within ERISA. Banner Mattress argues that Evanoff's agreement established no reasonably ascertainable claim procedure, and therefore, ERISA does not govern the agreement. Because ERISA does not govern the agreement, according to Banner, I lack subject matter jurisdiction over Evanoff's claims.

Evanoff, however, insists that I do have subject matter jurisdiction. According to Evanoff, *Hughes v. Zurz* does not add anything to ERISA jurisdiction analysis, and his employee agreement establishes a reasonably ascertainable claims procedure that warrants federal court jurisdiction.

For the reasons that follow, defendant's motion shall be denied.

### Standard of Review

The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. A Rule 12(b)(1) motion to dismiss will be granted only if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim.

### Discussion

#### 1. Does Evanoff's Employee Agreement Constitute a Plan Governed by ERISA?

Banner Mattress contends that although I previously held Evanoff's deferred compensation plan constituted an ERISA-governed employee agreement, the Sixth Circuit, in *Hughes v. Zurz*, 298 Fed. Appx. 404, 2008 WL 4488891 (6th Cir. 2008), modified the standard for determining whether a deferred compensation plan qualifies as an ERISA plan. Banner Mattress asserts that the Sixth Circuit now requires a "reasonably ascertainable claims procedure."

Far from creating or refining a standard, the Sixth Circuit in *Hughes*, an unpublished opinion, applied an already established standard: namely, the four-part test, as set forth by the Eleventh Circuit in *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982), to determine whether plaintiff had an ERISA-governed employee benefits plan. *Hughes, supra*, 298 Fed. Appx. at 411-12. ("The *Dillingham* court held that a " 'plan, fund, or program' under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."). This was nothing new, in view of the fact, as the Sixth Circuit noted in *Williams v. WCI Steel Co., Inc.*, 170 F.3d 598, 604 (6th Cir. 1999), that it, and all other Circuits, had adopted the *Dillingham* factors. In *Hughes*, the court agreed with the district court that the plan in that case did not meet two of the factors: a reasonable person could not ascertain the "intended benefits" or the "procedures for receiving benefits." *Hughes, supra*, 298 Fed. Appx. at 412.

In *Hughes*, the Sixth Circuit found no reasonably ascertainable claims procedure existed because there was "no clear indication of the amount of compensation deferred, no specification of when the deferral was to end, and no indication of how the benefits would be received." *Id.* at 415. Regarding the death benefits, the court found no reasonably ascertainable claims procedure existed because plaintiff offered no evidence of how the death benefit was to be claimed." *Id*.

The facts of *Hughes* differ from those here. In *Hughes* the details of the plan laid out in board resolutions and actions were ambiguous, and sometimes contradictory. The plan did not specify the amount to be set aside, or the nature of the benefits. One resolution authorized receipt of a salary, but the resolution did not state that the salary had been deferred. There was, moreover, no correspondence with the accrued benefits liability being recorded on the employer's books. The plan

3

included no indication of the amount of compensation to be deferred, when the deferral was to end or how the recipient would receive the benefits.

Unlike the arrangement in *Hughes*, Evanoff's agreement meets the *Dillingham* factors, and qualifies as an ERISA-governed plan. As I have already determined in my original decision, *Evanoff v. Banner Mattress*, 526 F. Supp. 2d 810, 816-17 (N.D. Ohio 2007), a deferred compensation plan governed by ERISA exists in this case because,

> The Agreement clearly states that monetary disbursements of deferred compensation will be the benefit provided and sets out a specific method of calculating such amount. . . . The Agreement explicitly identifies Evanoff as the individual to whom it applies. . . . The Agreement directs that a "top-hat" fund shall be created from which the benefits will be distributed. . . . In addition, the Agreement dictates that the balance of the account be paid out in nine annual installments. . . .

The employment agreement in this case provides for disbursement of benefits following Evanoff's termination of employment for any reason. The agreement provides that Evanoff's annual deferred compensation is "an amount equal to 50 % of the Annual Bonus, computed and paid to the Executive, under the provisions of Section 3.7 [of the agreement]." [Doc. 1, Exh. A]. Unlike the situation in *Hughes*, Evanoff's deferral arrangement had a specified end and explained how benefits would be received: after an initial payment of 10 % of the vested balance of the deferral account, the balance of the account would be paid out in nine annual installments. *Id*.

Banner Mattress argues, based on *Wayne, D.O. v. Detroit Medical Center*, 2007 WL 624124 (E.D. Mich.), that because the payment called for in Evanoff's employment agreement follows a formulaic mathematical calculation, Banner Mattress lacks requisite discretionary authority and does not need to maintain an ongoing administrative program to distribute benefits. *Id*. at *8. It adds that Evanoff made no claim for deferred benefits because no claims procedure exists. Therefore, Banner Mattress asserts, no ERISA-governed plan exists.

In *Hughes*, however, the Sixth Circuit held that, "A benefits arrangement that provides for a lump-sum payment to an employee may qualify as an ERISA benefits plan if the employer is potentially required to pay out benefits on a regular basis." *Id*. at 414. That court continued, "even when benefits are due in a lump sum payment in a non-severance benefits scheme, there remains the possibility that benefits will need to be calculated and paid through the claims procedure at any time." *Id*.

The court explained that a claims procedure did not have to be in writing. It noted that case law provides "little guidance . . . regarding the inference to be drawn when no claims have been processed or have resulted in the award of benefits." *Id*. Thus, "the court must look to all the surrounding circumstances to determine whether the claims procedure is reasonably ascertainable." *Id*.

The Sixth Circuit additionally clarified that for a claims procedure to exist, plaintiff need not show that he must apply for benefits to a specific person. *Id*. at 415 ("In situations where benefits are awarded automatically upon the occurrence of a stated contingency, this Court has not required the identity of the person to whom the claim is presented to be clear.").

Based on the surrounding circumstances as described both here, and in *Evanoff, supra*, 526 F. Supp. 2d 810, a reasonably ascertainable claims procedure exists. The Agreement states when the deferred compensation payments are triggered, how the payments will be made, to whom the payments should be made, and from which account they should be accessed. Although payment is calculated by a mathematical formula, the plan mandates ongoing installment payments to Evanoff.

The decision in *Hughes* adds nothing to, and changes nothing in my original analysis of the Agreement at issue in this case. The Agreement's deferred compensation sections constitute an

ERISA-governed plan. I confirm my earlier determination that I have subject matter jurisdiction over Evanoff's ERISA-based claims.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

Defendant's renewed motion to dismiss [Doc. 87] be, and the same hereby is overruled.

So ordered.

<u>S/James G. Carr</u>
James G. Carr
Chief Judge