IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George J. Evanoff, Jr.,                            Case No. 3:07CV1754

        Plaintiff

        v.                                               ORDER

Banner Mattress Company, Inc., et al,

        Defendant

This is a suit under ERISA in which several motions in limine are pending. This order states my rulings on those motions and reasons for those rulings.[1]

Plaintiff George Evanoff brought claims for 1) severance pay and benefits under 29 U.S.C. § 1332(a)(1)(B); 2) deferred compensation benefits under 29 U.S.C. § 1332(a)(1)(B); 3) retaliation under 29 U.S.C. § 1140; 4) breach of contract; 5) age discrimination under O.R.C. § 4112.02 and 6) fraudulent conveyances under O.R.C. § 1336.04. He brought these claims against defendant Banner Mattress, alleging Banner's wrongful termination of him and interference with his benefits. Under his age discrimination claim, Evanoff seeks "front pay" damages for a period extending through December 31, 2012.

I overruled Banner Mattress' motion to dismiss and renewed motion to dismiss Evanoff's claims. Banner Mattress brings the pending motion in limine to bar Evanoff's claim for front pay.

---

[1] I denied defendant Banner Mattress' motion to dismiss and renewed motion to dismiss with regard to plaintiff George Evanoff's ERISA and state-law claims.

1

For the following reasons, defendant's motion in limine regarding front pay [Doc. 89]is granted. I overrule Banner's motion in limine to exclude plaintiff's damages expert on the basis of his failure to file a report. [Doc. 82]. Banner's motion in limine to exclude plaintiff's damages expert under *Daubert* is moot insofar as that testimony addresses front pay. I overrule that motion to the extent the expert discusses damages for past losses, such as fringe-pay benefits and out of pocket medical expenses. [Doc. 88].

## I. Defendant's Motion in Limine to Exclude Evidence of Front Pay Damages

Defendant contends that the jury should not hear any reference to Evanoff's alleged front pay damages because he is not entitled to any front pay damage award. Defendant argues that Evanoff was offered and accepted the position of General Manager with Rockledge Furniture, LLC ("Rockledge"), a subsidiary of Ashley Furniture Industries, less than three months after his termination date. At the time he began this action he was employed by Rockledge, but left on or about October 15, 2007. He has since held a number of other jobs.

Defendant also argues that Evanoff's employment with Banner Mattress was scheduled to terminate on December 31, 2007, and that Evanoff failed to mitigate damages because he voluntarily rejected Banner Mattress' offers of employment, and made no counteroffer.

Evanoff counters that his employment with Ashley Furniture was not as advantageous to him as his employment with Banner, and lasted only six months. Evanoff does not dispute that he left the position involuntarily. Evanoff adds that Banner wrongfully terminated his employment and offered him alternative employment at reduced pay. He adds that he has attempted to mitigate damages, but Banner's non-compete agreement has stifled his efforts, and Banner refuses to waive that provision.

2

In Ohio, front pay is not automatic or long term. It is awarded to cover a transition period while a plaintiff seeks new employment. "Front pay damages are temporary in nature, as they are designed to assist the discharged employee during the transition to new employment of equal or similar status." *Worrell v. Multipress, Inc.*, 45 Ohio St. 3d 241, 246-47 (1989).

In the present case, Evanoff sought new employment after termination, and gained employment at Ashley Furniture less than three months after his termination. Plaintiff admits that he obtained a "substantial position in the furniture industry." [Doc. 93]. He does not dispute Banner Mattress' contention that his base salary at Ashley Furniture was $25,000 more than his base salary with Banner, and came with substantial responsibilities, incentive opportunities (the greater of $50,000.00 or 3% of Rockledge's pretax net profit), benefits, paid vacation time and expense reimbursement. He states that the position was "not as advantageous to him" as his position at Banner Mattress.

Evanoff admits that he left his employment involuntarily. In his deposition [filed under seal with this court] he states that he was let go as a result of corporate downsizing and not poor performance. He does not give further information, citing a confidentiality agreement. He does not contest that he has since held other jobs.

Evanoff still has the duty to mitigate damages, which includes "exercising reasonable diligence to locate other suitable employment . . . ." *Excel Corp. v. Bosley*, 165 F.3d 635, 639 (6th Cir. 1999). Evanoff argues that he has tried to mitigate his damages, but Banner is resisting his efforts by insisting that the non-compete provision in his employment agreement still applies to him. According to Evanoff, this provision has interfered with his efforts to locate equivalent employment, although he fails to give specific examples.

Front pay is transitional relief "designed to assist the Plaintiff during the period in which he can be expected to find other employment." *Bailey v. Container Corp. of America*, 660 F. Supp. 1048, 1054 (S.D. Ohio 1986). It is not intended to insure plaintiff against subsequent changes in employment. Because Evanoff was able to retain other interim employment, he is not entitled to front-pay damages.

## II. Defendant's Motion in Limine to Exclude Plaintiff's Damages Expert

Banner Mattress also seeks to exclude expert testimony by plaintiff's damages expert on the basis of the expert's failure to file a report. The expert has since filed the report, and has been deposed. I therefore overrule this motion.

## III. Defendant's Motion in Limine to Exclude Plaintiff's Damages Expert under *Daubert*

Because I have granted defendant's motion in limine regarding Evanoff's claim for front-pay damages, defendant's claim to exclude expert testimony regarding front-pay damages is moot. I will overrule, however, Banner Mattress' motion in limine to exclude Evanoff's damages expert insofar as the expert addresses losses Evanoff has suffered to date - i.e., fringe benefits and out of pocket medical expenses, not front pay benefits. Despite the inadequacies cited in Banner's motion in limine, Banner fails to show that these inadequacies justify excluding the expert testimony *in toto*.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Defendant's motion in limine to exclude plaintiff's claim for front-pay damages [Doc. 89] be, and the same hereby is granted.

4

2. Defendant's motion in limine to exclude plaintiff's damages expert on the basis of failure to file a report [Doc. 82] be, and the same hereby is overruled.

3. Defendant's motion in limine to exclude plaintiff's damages expert under *Daubert* is moot as to expert testimony regarding front-pay damages, and overruled as to testimony regarding losses to date, such as fringe benefits and out of pocket medical expenses. [Doc. 88].

So ordered.

                                              s/James G. Carr
                                              James G. Carr
                                              Chief Judge